UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI PARTOVI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-0461 (ESH) |
| JOSEPH P. GALOSKI, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff is an immigration detainee confined at the Florence Correctional Center, a privately run corrections facility located in Florence, Arizona. In this action, brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), he alleges that while he was detained at an immigration facility in Guam during 2001-2003, he did not have access to a law library, mailbox or legal mailbox, thereby denying him access to the courts in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments, as well as § 115 of Public Law Number 99-603, the Immigration Reform and Control Act of 1986.[1] He names as defendants two employees of the immigration facility in both their official and individual capacities and seeks $5 million in money damages and an injunction.[2]

---

[1] Plaintiff also claims to be bringing this action under a number of other federal statutes, including 42 U.S.C. § 1983. Section 1983, however, is inapplicable, as the statute requires state action and does not apply to federal officials acting under color of federal law. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Moreover, not only has plaintiff failed to state how the facts he alleges would support a claim under the other statutes that he cites, but Congress has not waived sovereign immunity for suits seeking money damages that arise under the Constitution. *Zinda v. Johnson*, 463 F. Supp. 2d 45, 48-49 (D.D.C. 2006).

[2] Because plaintiff is no longer being held at the Guam facility, the request for injunctive relief would appear to be moot.

The alleged deprivations of access to a library and mailbox were not committed by defendants in the District of Columbia. Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).[3] Therefore, venue is not proper here. However, where a case is filed laying venue in the wrong division or district, the district court may, if it be in the interests of justice, transfer the case to any district or division where it could have been brought. 28 U.S.C. § 1406(a).

Accordingly, it is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1406(a), the Clerk's Office is directed to **TRANSFER** this case to the District Court of Guam.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 13, 2009

---

[3] Note that § 1391(e), which establishes proper venue in cases where the defendant is an officer or employee of the United States acting in his official capacity or under color of legal authority, does not apply to *Bivens* actions. *See Stafford v. Briggs*, 444 U.S. 527, 542 (1980).